UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**EDWARD H. FLINT**                                                            **PLAINTIFF**

v.                                                       **CIVIL ACTION NO. 4:15CV-130-GNS**

**JOSEPH H. MCKINLEY, JR.**                                          **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Edward H. Flint filed a *pro se* complaint against Joseph H. McKinley, Jr., Chief Judge of the United States District Court for the Western District of Kentucky, and he paid the filing fee. For the reasons that follow, the Court will dismiss the complaint for lack of subject matter jurisdiction and will impose sanctions upon Plaintiff.

**I. SUMMARY OF CLAIMS**

In the complaint, Plaintiff reports that he "had a case judged by the Defendant in 2010." He alleges that Defendant "despised Plaintiff, because the Plaintiff has sued a number of judges, for being corrupt and for violating the Constitutions, statutes and Court rules." He further alleges that Defendant's "actions as Chief Judge in recent cases harmed Plaintiff and denied Plaintiff's his civil rights." Plaintiff claims that Defendant caused him harm because "Defendant was either on the take and or was helping a friend to get someone out of serious trouble, or both." He further claims that Defendant refused to recuse himself from "the cases in question"; deprived him of his "rights under Amendment 14 of the Constitution of a due process trial and equal protection of the laws"; manipulated the Court and court system to "commit corruption action against Plaintiff Flint"; "because of his disgust of Plaintiff, created misconduct of his office"; "did nothing to stop the unequal justice, to Plaintiff"; "conspired with another judge(s) to assure that the Plaintiff would not win the case and both took advantage of the Plaintiff's age and

lack of legal education [and *pro se* status] to assure this"; discriminated against Plaintiff; and "because of his hate of Plaintiff, knew that [] the Plaintiff had not received a fair and honest trial, but took no steps or made any effort, to do the right thing." Plaintiff additionally alleges that he "attempted to have the Defendant reverse his corrupt actions and the Defendant refused."

Plaintiff asserts that Defendant's "actions in the first case filed in 2010 case and other actions violated" the following federal statutes: 18 U.S.C. § 241; 28 U.S.C. § 242;[1] 28 U.S.C. § 1443; and 42 U.S.C. §§ 1981, 1983, and 1985. As relief, he seeks a trial by jury; Defendant's resignation, disbarment, and impeachment; imposition of "the maximum sentence on Defendant"; and termination of "[a]ny and all retirement benefits that may be due Defendant."

## II. ANALYSIS

"Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

> Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion.

*Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 53-37 (1974) (listing numerous Supreme Court cases for the proposition that patently frivolous, attenuated, or unsubstantial claims divest the district court of jurisdiction)). A complaint is frivolous if it lacks an arguable or rational basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

---

[1] Title 28 of the United States Code does not contain a § 242. The Court presumes Plaintiff is referencing 18 U.S.C. § 242, which is a statute criminalizing the deprivation of rights under color of law.

2

Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (citation omitted). A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678.

Plaintiff's complaint almost exclusively contains broad and conclusory allegations that are not entitled to the assumption of truth. *See Abner v. Focus: Hope*, 93 F. App'x 792, 793 (6th Cir. 2004) (stating that the court is not "required to accept non-specific factual allegations and inferences or unwarranted legal conclusions"). The conclusions of corruption, hate, conspiracy, discrimination, and harm are not supported by factual allegations that would "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. at 679. Plaintiff's complaint fails to contain "either direct or inferential allegations respecting all the material elements to sustain a

recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In addition, 18 U.S.C. §§ 241 and 242 are criminal statutes that do not create a private right of action. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). Plaintiff's conspiracy claim under 28 U.S.C. § 1443 must be dismissed because § 1443 is a federal removal statute, not a cause of action under which to bring a claim. As to Plaintiff's claims arising under Title 42 of the United States Code, his § 1981 claim fails because he does not allege racial discrimination, *see, e.g.*, *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987); his § 1983 claim fails because Defendant is not a state, but a federal, actor, *see West v. Atkins*, 487 U.S. 42, 48 (1988); and his § 1985 claim fails because he has not alleged that "the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

For the foregoing reasons, the Court concludes that the allegations of Plaintiff's complaint are totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, and no longer open to discussion. Therefore, the claims against Defendant Chief Judge McKinley will be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) and *Apple v. Glenn*, 183 F.3d at 479.

### III. SANCTIONS

By Memorandum Opinion and Order entered June 21, 2011 (DN 6), in one of Plaintiff's earlier filed actions, *Flint v. Whalin*, Civil Action No. 3:11CV-316-JGH, the Honorable late Senior Judge John G. Heyburn II documented Plaintiff's lengthy history of filing frivolous and unsubstantial litigation against state and federal judges in this Court and noted that the "submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases." Consequently, Judge Heyburn issued the following warning to Plaintiff:

> **Flint is WARNED that he will be sanctioned in the amount of $700.00 per suit should he file any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases. Additionally, filing any additional such lawsuits could result in the imposition of additional sanctions, including the imposition of filing restrictions.**

*Id.*

Plaintiff was not deterred by this warning, however, as he filed a subsequent lawsuit against a state court judge. *See Flint v. McDonald*, Civil Action No. 3:12CV-613-CRS. By Memorandum Opinion and Orders entered January 18, 2013 (DNs 10 & 11), the Honorable Senior Judge Charles R. Simpson III concluded that Plaintiff's suit plainly fell within the terms of Judge Heyburn's warning as it was a lawsuit against a state judge on the grounds that the state judge was biased against him, made incorrect rulings, and improperly oversaw a hearing in the case. Finding that the filing of the subsequent action constituted bad faith, Judge Simpson imposed a $700 sanction, double the cost of the filing fee at that time, and issued the following

5

warning to Plaintiff to ensure that he was aware that any future frivolous lawsuits could result in even more severe sanctions:

> the plaintiff, Edward H. Flint, is **WARNED** that if he files any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases, **he will face further sanctions, which could include, but are not limited to, monetary sanctions of more than $700 or the imposition of filing restrictions**[.]

(DN 11).

In the instant case, Plaintiff has brought this action against a federal judge alleging that he despised and hated Plaintiff; engaged in and refused to reverse corrupt actions; and refused to recuse himself from Plaintiff's cases. The Court finds that Plaintiff acted in bad faith in bringing the instant action against a federal judge despite two earlier warnings by the Court.

For this reason, **the Court will impose a sanction of $800** – double the current cost of the fee for filing a civil action. *See Hyland v. Clinton*, 3 F. App'x 478, 480 (6th Cir. 2001) (imposing sanctions of double costs for pattern of frivolous lawsuits). Further, a review of this Court's records reveals that Plaintiff has failed to pay the $700 sanction previously imposed by Judge Simpson. **Plaintiff, therefore, remains obligated to pay the prior $700 sanction**.

"To make the sanction effective and thereby protect the processes of a court from abuse, a litigant against whom . . . sanctions have been imposed must comply with those sanctions before being permitted to pursue new matters in that court." *Schiff v. Simon & Schuster, Inc.*, 766 F.2d 61, 62 (2d Cir. 1985) (per curiam); *see also Hyland v Stevens*, 37 F. App'x 770, 771-72 (6th Cir. 2002) ("[Plaintiff] is hereby barred from filing any new civil matter or appeal therefrom in this court or any court subject to this court's jurisdiction until he has paid the sanction imposed in [a previous case]."); *Hymes v. United States*, 993 F.2d 701, 702 (9th Cir. 1993) ("Courts have inherent power to dismiss actions for nonpayment of costs in prior actions. This

power also extends to a litigant's failure to pay previously imposed sanctions."). Accordingly, the Court will impose the following requirement on Plaintiff:

> **Flint is barred from filing any new action in this Court until he has paid the $800 sanction imposed in this case; the $700 sanction previously imposed in** *Flint v. McDonald***, Civil Action No. 3:12CV-613-CRS; and any other sanctions imposed by the Court. The Clerk of Court shall not accept for filing any future lawsuits by Plaintiff until he pays all sanctions imposed on him.**

Finally, review of the Court's records reveals that since April 20, 2015, Plaintiff has filed nine cases in this Court, several of them against judges. Due to Plaintiff's continued pattern of abusive and vexatious lawsuits filed in this Court and Plaintiff having been warned that further sanctions could be imposed for such conduct, the Court will impose the following prefiling restriction on Plaintiff to begin following Plaintiff's full payment of all sanctions imposed by this Court:

> **Edward H. Flint shall file a motion seeking permission from the Court before filing any new action in this Court. Flint's motion shall demonstrate that the claim or claims he intends to assert are not frivolous and that the suit is not brought for an improper purpose. He must attach his proposed complaint to the motion.**

*See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."); *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (permanently enjoining plaintiff from filing action based on particular legal and factual claims "without first obtaining certification from a United States Magistrate Judge that the claim or claims asserted are not frivolous and that the suit is not brought for any improper purpose").

A separate Order will issue consistent with this Memorandum Opinion.

Date: October 9, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4416.005

8